**LANG et, Plaintiffs-Appellants, v. OIL CITY REFINERS, INC. et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23897. Decided March 28, 1957.

John T. Corrigan, County Pros., for Joseph M. Sweeney, Sheriff.
Woodle & Wachtel, for plaintiffs-appellants.

Krewson, Lewis & Krewson, Robert M. Krewson, of Counsel, for defendant-appellee Oil City Refiners, Inc.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment entered for the defendants upon a motion for judgment on the pleadings. Both the plaintiffs and the parties defendant entered separate oral motions for judgment on the pleadings. The court overruled

the plaintiffs' motions and granted those of the defendants and entered judgment accordingly.

Under these circumstances, the facts are as pleaded and are, therefore, not in great dispute.

The plaintiffs' petition alleges that by the judgment of the Court of Common Pleas of Cuyahoga County, they were found to have a valid interest in certain real estate which was thereafter by order of said court sold at public auction by the sheriff. The action was one in partition. The sale was conducted on March 6, 1950. The amount realized by the sale was $12,100.

The plaintiffs allege that immediately after the defendant sheriff received the consideration for the property, the defendant, Oil City Refiners, Inc., filed an action claiming to have an interest in the proceeds of the sale and praying that such interest be determined by the court.

The plaintiffs allege that the defendant, Oil City Refiners, Inc., in fact had no legal interest in said fund which fact was so determined on appeal when the Court of Appeals reversed a judgment in favor of the Oil Company entered in the Court of Common Pleas in said action and that, pending the final disposition of its case, the Oil Company wrongfully procured the sheriff to withhold payment of such money to the plaintiffs to which they were entitled by order of the Court of Common Pleas in the partition case, said order being entered on May 11, 1950.

The plaintiffs allege the amount due them by such order was $5,318.21; that payment was demanded but refused by the defendant sheriff because of the wrongful action and procurement of the defendant Oil Company.

The plaintiffs further allege that the refusal of the sheriff to pay plaintiffs their share of the funds held by him was without authority of law; that the said sheriff was at no time under legal restraint which in any way prevented him from making such payment and that the plaintiffs are entitled to interest at six per cent from the date they were entitled to receive payment of their share of the proceeds from the sale of the property, that is, interest from the eleventh day of May, 1950, until they received the money on April 15, 1953, such interest amounting to $934.23 for which amount plaintiffs pray for judgment against the defendants.

The answer of the defendant Oil Company admits that it filed the action seeking an interest in said fund in which the Court of Common Pleas had previously held the plaintiffs to have an interest; that on the trial of the Oil Company's action, claiming a share in the fund held by the sheriff, in which action, when filed, a request for a temporary injunction was pleaded to prevent the sheriff from distributing any of the money claimed by the plaintiff but with regard to which claim for a temporary injunction no action was ever taken or order entered by the court as shown by the record. Upon trial, the Court of Common Pleas entered judgment for the Oil Company creating a lien in its favor on the funds in the sheriff's hands. On appeal, this judgment was re-

versed whereupon the Oil Company abandoned its claim by not proceeding further and the sheriff then paid the money to the plaintiff.

The answer of the sheriff admits that the plaintiffs by decree in the partition case filed in the Court of Common Pleas of Cuyahoga County were adjudged an interest in certain property which was ordered sold by decree of the court; that this defendant carried out the decree and on March 6, 1950, sold the property at public auction for $12,100 and that on or before May 8, 1950, he received the full purchase price. It is also admitted that on May 11, 1950, a decree was entered in the Court of Common Pleas in said partition case directing him, as sheriff, to pay each of the plaintiffs one-fourth of the proceeds of the sale less taxes, court costs and attorney fees.

It is further alleged that before said order was made by the court, to-wit: on May 8, 1950, the defendant, Oil City Refiners, Inc., filed an action in the Court of Common Pleas of Cuyahoga County, wherein these plaintiffs, this defendant and others were made defendants and in which action the refining company claimed an interest in the funds then held by this defendant as sheriff because of a certain loan made by it on December 15, 1943 in the sum of $3,340.74 at six per cent interest, to plaintiffs' predecessors in title (plaintiffs' father and mother and the father's partner, John Roski) to prevent a foreclosure of a mortgage against said property by a mortgagee bank; that the petition of the refining company alleged that unless restrained, this defendant would distribute the funds in his hands to the plaintiffs and others and ask the court to enjoin this defendant from making such payments until the rights of the refining company in said fund were determined.

The defendant alleges that he filed an answer in said action admitting that he held the funds and that he would abide the order of the court as to the distribution thereof. It is further alleged that on the trial of the issues in the case in which the refining company was plaintiff, seeking to establish its interest in the funds received from the sale of the property in the partition action, the Court of Common Pleas, by its decision, held the refining company was entitled to approximately $5,000 out of said money, the decision being made on September 4, 1951. It is alleged that an appeal was taken to the Court of Appeals from that decision and by the judgment of the Court of Appeals on April 8, 1953, the decision of the Court of Common Pleas was reversed, the Court of Appeals holding that the refining company had "no right to be subrogated to any funds in the hands of the defendant sheriff." The refining company then abandoned any further prosecution of its claim and this defendant promptly (to-wit: on April 9, 1953) paid these plaintiffs $5,318.21 which was due them under the decree of the court in the partition action.

This defendant further says that he was willing at all times to pay over to the plaintiffs the money claimed to be theirs in the partition action but that he was unable "and in peril or jeopardy" to do so until the determination by the court of the refining company's action as to the rights of the several parties to the funds in his hands as sheriff.

On the face of the record, no cause of action is stated against the Oil City Refiners, Inc. They were completely within their rights to

litigate their claim against the fund. There is no claim or allegation that its action was a sham or capricious. At no time did this defendant seek an order of the court for a temporary restraining order as provided by §2727.07 R. C., so that so far as it was concerned, the only restraint on the sheriff was the fact that as a defendant in the Oil Company's lawsuit, he was put upon notice that there was a claim being made in a judicial proceeding in which he was a party to the fund in his hands which had not been litigated in the partition case, the claimant not having been a party to that action. Certainly there can be no such hazard in seeking to have an adjudication of one's legal rights by bringing an action as provided by law unless the action is, in fact, a sham, vexatious and wholly without legal foundation. No such allegations are found in the pleadings.

The action against the sheriff is likewise without merit. The petition does not state a cause of action against him for two reasons. First, because there is no allegation or claim of damage and second, there is no allegation of a breach of duty in the refusal of the sheriff to pay over the funds in his possession to the plaintiff as directed by the journal entry of distribution when, upon the admitted facts, there was brought to his attention by an action or judicial proceeding in which he was made a party defendant before the order of distribution was entered, that plaintiffs' right to the funds was legally disputed, that is, that another claimed to have a paramount right to some part or all of the funds, the claim being made by one who was not a party to the action in partition so that the judgment in that case could in no sense be a bar to such claimants' right. A sheriff in possession of money is not required, at his own hazard, to determine to whom, in fact, the paramount right to such money belongs when conflicting claims are judicially asserted. In 80 C. J. S. para 96-c, at page 310, it is said:

"A sheriff or constable is not liable for failing or refusing to pay over money claimed by a third person where the claim is supported by litigation or other legal procedure, but a mere notice of a claim to the money by a third person will not justify a sheriff or constable in withholding it from the plaintiff under whose process it was received."

It must also be observed that money in the hands of a sheriff as a result of the sale of property in a partition proceeding does not make the sheriff a debtor of the parties who by the decree are to receive such money on distribution. Sec. 1309.03 R. C., has no application here. These plaintiffs are not creditors of the sheriff. The sheriff is a trustee of the money in his possession. Should he breach his duty as custodian of such money as a public officer, one injured by his misconduct would have an action for damages and not for interest. The value of the use of such money would then be the measure of damages. We hold, therefore, that the allegations of the petition, failing entirely to claim damages, are insufficient to state a cause of action.

For the foregoing reasons, the judgment is affirmed.

Exceptions noted. Order see journal.

HURD and KOVACHY, JJ, concur.